Anderson, J.,
delivered the opinion of the court.
A bill was filed at the June rules of the county court of Tazewell county by Mrs. Nancy Harman, widow of Edwin H. Harman, deceased, and her infant sons, Charles "W. Harman and Davis E. Harman, heii’s and distributees of the said decedent, against John Mosby Davis, the administrator of the said E. W. Harman, deceased, and Henry B. Harman and Beuben C. Eudge, his sureties in his administration bond, for their distributive shares in the estate *463 of said decedent. The bill alleges that for a number of years previous to the death of E. H. Harman, he and the said J. M. Davis had been in partners in the mercantile business on Bluestone, in the county of Tazewell, the profits of which were very handsome; and that in the year 1858 they formed a partnership in the mercantile business with John L. Heel, which was carried on for upwards of a year, at the expiration of which time they bought out the said Heel and continued the business themselves, until the war put a stop to all transactions of the kind; and the said E. H. Harman entered the service of the Confederacy and was killed in battle. And the said J. M. Davis being the sole survivor of the firm, it devolved on him to settle up the partnership concerns, and to receive in his capacity as administrator of the said E. H. Harman, his share of the partnership fund and effects, and to account for and pay over the same to them, his distributees. And the prayer of the bill was that he should be compelled to settle the said partnership accounts,and his administration accounts, and account for and pay over to them their distributive shares in the estate of said decedent, and for general relief.
The defendant, J. M. Davis, answered the bill, to which the plaintiffs replied generally, and an account was ordered and taken and reported, showing a balance against the administrator, J. M. Davis, of $7,942.39; to which the defendants filed exceptions, and depositions were taken. Said exceptions were afterwards withdrawn, and the following decree was entered: “ This cause came on to be heard this the 2d of July, 1873, upon the papers heretofore read, and the report of Samuel C. Graham and the exceptions thereto; and the defendants withdrawing all exceptions to said report, admit here in court that the defendant, Davis, as administrator of E. H. Harman, H. B. Harman and R G. Eudge, his securities in his administration bond, are responsible to the complainants, the *464 widow and distributees of E. Ii. Harman, for the sum of $5,000, the amount with which the said Davis and his sureties admit themselves to be chargeable for distribution among the said widow and said children, with interest from the 1st of February, 1873, and the complainants, the widow and heirs at-law of said E. II. Harman, being willing and consenting here in court to accept the said $5,000 and interest as aforesaid, in full satisfaction and discharge of their claim against the said administrator and his sureties,” the court proceeded to decree, by and with the consent and agreement of all the parties, that the said complainant, Haney Harman, recover of said defendants $1,666.66-|, with legal interest thereon from February 1st, 1873, till paid, and that Charles W. Harman and Davis K. Harman, infant children of E. H. Harman, suing by Haney Harman, their next friend, recover of said defendants $3,333.33. with interest from February 1st, 1873, till paid. And the defendants, by like agreement of all said parties, were allowed to make payment in three equal instalments, in ten, twenty and thirty-six months from the date of the decree, and if punctually paid no execution to issue; and it was decreed that the complainants recover their costs. And it was agreed that all the unpaid claims due the estate of E. H. Harman were the property of said Davis.
The first instalments falling due and being unpaid, the plaintiffs caused executions of ji. fa. to be issued therefor, and thereupon the defendants brought their bill in the circuit court of Tazewmll county against them, praying an injunction to said executions, which w^as granted, and upon the coming in of the answer of Haney Harman, w7as, by a decree of the court of the 18th of May, 1875, dissolved. And on the 10th day of September, 1875, the said J. M. Davis, administrator of E. H. Harman, deceased, H. B. Harman and Beuben C. Fudge, sureties of said Davis as administrator as aforesaid, *465 by leave of the court, filed their bill of review and obtained an injunction to restrain the plaintifts, Nancy Harman and others, from all further proceedings under the decree rendered in the case of Nancy Harman and others against J. Mosby Davis and others in the bill of review mentioned, to which bill the defendants filed their answers—the infant defendants by guardian ad litem; and the' cause coming on to be heard on the 18th "of November, 1875, the court was of opinion that there was error apparent on the face of the decree complained of, in that it was a decree by consent, and some of the complainants being infants could not be bound thereby, and because refunding bonds were not required to be executed by the complainants before payment by the administrator. And for these reasons and causes of error decreed that the decree of the 2d of July, 1873, be reversed and annulled, from which decree the defendants to the said-bill of review appealed to this court, which is the case now to be decided.
The court is of opinion that it was not error to decree in that cause in favor of the plaintifts because some of them were infants. The defendants were adults, and •admitted that they were chargeable for distribution to the widow and children of E. H. Harman, deceased, with the sum of $5,000, and interest thereon from the first day of February, 1873, till paid, for which the defendant, Davis, as administrator of E. IT. Harman, and his securities in his administration bond, are responsible to the complainants, the widow and distributees of the said E. H. ITarman, deceased. And the court says the complainants, the widow and heirs aforesaid, being willing and consenting here in court to accept the same in full satisfaction and discharge of their claim against the said administrator and his sureties, “ it is therefore adjudged, ordered and decreed, by and with the consent *466 and agreement of all the parties,” as herein-before set out, a decree for the distribution of that sum admitted to be due for distribution, by the administrator and his sureties in full satisfaction and discharge of all that is due them from the administrator and his sureties.
There is no claim made by the widow and distributees for more, nor dissatisfaction expressed by them with the amount decreed in their favor, but the complaint comes from the administrator and his sureties, that they admitted their liability for more than they ought, and they seek to be released from this acknowledgment on the ground that some of the parties to whom they acknowledged it to be due were infants. It is very clear that they being under no disability, their acknowldgmenf could not be impaired or affected by the fact that those to whom they acknowledge themselves indebted were -infants. But t]iey contend that their acknowledgment ought not to be binding upon them because it was made as a concession to the complainants upon the considerathat it would be received in full. satisfaction and discharge of all they owed them; that the complainants did agree to receive it as such, but that some of them are infants, and. are not bound by that agreement, and may, after they attain majority, refuse to be bound by it and compel them to pay more.
If there is any ground for their complaint that they acknowledged a larger indebtedness than they were in fact owing, and they are prepared to show it, they surely can have no ground for the apprehension that after the infants attain majority they may he able to have the decree complained of set aside and annulled, and subject them to the payment of an additional sum. It is not a motion of the infants to be relieved from a consent decree, which allowed them less than they were entitled to, upon the ground that they were incapable of giving their consent by reason of their infancy; but it is a motion *467 by the adult administrator and his sureties to be relieved from a decree for a sum which they acknowledged in open court was due from them to the complainants, and which decree was entered by their consent and the consent of the complainants, in full satisfaction of all their claim against the defendants, because two of the complainants were infants.
The administrator'must be presumed to be well informed as to the condition of the estate and the state of the accounts between him and his intestate, and it is presumable that he would not have acknowledged a larger indebtedness to the distributees, or a larger sum in his hands for distribution than truth and justice required. The account taken by the commissioner showed a much larger amount due from the administrator to the estate; but there were still some outstanding debts of the decedent which had not been paid, and the administrator contended that some of his vouchers evidencing disbursements, had been erroneously rejected by the commissioner; but upon the whole, he was willing to acknowledge an indebtedness to the complainants—an amount in his hands, not for paying debts and distribution, but for distribution, of course after paying debts—an amount for which he and his sureties were responsible, not to creditors and distributees, but to the distributees, the complainants, of $5,000, with interest thereon as specified; and was willing that the plaintiffs should take a decree therefor in full satisfaction and discharge of their whole claim. They agreed to it, and the court entered such a decree, by consent and agreement of all the parties. The plaintiffs are satisfied with it, and seek to enforce it, and do not ask to be released from it, on the ground of the disability of two of them by reason of infancy. But the defendants seek to be released from it on the ground that it is not binding on the infant plaintiffs, they being incapacitated to give their consent. But that could be no .ground for *468 relieving them from the decree in favor of the adult plaintiff.
And in this case the court is of opinion that it is no ground for releasing them from the decree in favor of the infant plaintiffs. Although the infants were incapable .of consenting to the decree, it is binding upon them, if for their benefit—as binding as it would have been if no consent had been given. An infant plaintiff is as much bound by a decree as an adult. Broion v. Arm.stead, 6 Rand. 594. .Unless the court was satisfied that this decre'e was for the benefit of the infants, it would have been error to have entered it as a consent decree. And this court, having the whole case before them, and being satisfied that the decree was for the benefit of the infants, and that they are therefore bound by it, there is no error upon the face of the decree on this account for which it could be reviewed or reversed.
The court is further of opinion that the decree of the 2d of July, 1873, sought to be reviewed is not erroneous, because it contains no provision requiring the plaintiffs to execute refunding bonds before enforcing payment. Such a provision would have been incompatibl e with the evident intent and legal effect of the decree, which was that the sum decreed to be paid by the administrator and his sureties was in his hands for distribution amongst them, which could not have been so if there were outstanding and unsatisfied debts of the estate for which it was liable; and that the defendants were responsible to them for that amount, which could not have been so if it were chargeable with, the payment of debts due from the estate; and that the same was to be paid them in full of their entire interest in the estate, and that all debts due the estate or the different co-partners, of which the defendant, Davis, was the surviving partner, were to be his property, not liable for any further claim on their part for distribution, but liable, of course, for any debts *469 of the estate which might be outstanding and unsatisfied. Consequently a provision in the decree requiring the plaintiffs to give obligations to refund any propor- ■ tion of debts which might thereafter be recovered against the estate, would have been incompatible with the legal effect and intent of the decree. And furthermore, the defendants acknowledging that the amount specified was' in the hands of the administrator for distribution, and consenting to a decree in favor of the plaintiffs against them for their respective proportions thereof, was a waiver of any right of the administrator, to require refunding bonds.
The court is therefore of opinion to reverse the decree of the 18th of November, 1875, of the circuit court of Tazewell county, to dissolve the injunction, and dismiss the plaintiffs’ bill of review with costs.
The decree was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the said decree and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that there is no error in the decree of said circuit court rendered on the 2d day of July, 1873, and in the proceedings mentioned, for which the same ought to have been reviewed and opened; and hence that the decree of said court rendered on the 18th day of November, 1875, and which is the subject of this appeal, is erroneous. Therefore it is decreed and ordered, that said decree of 18th November, 1875, be reversed and annulled, and that the appellants recover of the appellees their costs by them in the prosecution of their said appeal here expended. And this court proceeding now to render such decree in the premises as the said circuit court of Tazewell county ought to have rendered, it is further *470 decreed and ordered, that the injunction awarded in the cause depending on the bill of review in the proceedings mentioned be dissolved, and that said bill of review be dismissed, and that the defendants in said bill (who ai’e the appellants here) recover of the plaintiffs in the same their costs by them about their defence to said bill expended; which is ordered to be certified to the said circuit court of Tazewell county.
Decree reversed.